IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY GASKILL,<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA INSURANCE GROUP,<br><br>    Defendant. | Cause No. 4:17-CV-01526-HEA |

### LIFE INSURANCE COMPANY OF NORTH AMERICA D/B/A CIGNA INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S PENALTIES AND DAMAGES CLAIM

COMES NOW Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, improperly sued as doing business as CIGNA INSURANCE GROUP ("LINA"), and pursuant to Federal Rule 12(b)(6), moves this Court to dismiss Plaintiff's Penalties and Damages claim against LINA.  Plaintiff's Penalties and Damages claim fails to state a claim for relief upon which relief can be granted against LINA because LINA is not the plan administrator of this action. 29 U.S.C. § 1132(a)(1); 29 U.S.C. § 1132(c)(1)(B); *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (the proper defendant to a claim for benefits is the plan itself, or plan administrator).

Plaintiff's Penalties and Damages claim seeks statutory penalties, but such penalties are only applicable to the Plan Administrator and not to LINA. *Michael v. American Int'l Group, Inc.*, 2008 WL 4279582, *7 (E.D. Mo. 2008) (Determining who is the Plan Administrator is important because "statutory penalties can only be recovered from a plan 'administrator'"). Plaintiff's Penalties and Damages claim seeks relief for failure to provide requested documents to Plaintiff.  *See* Plaintiff's Complaint at ¶¶27, 29.   However, statutory penalties for failure to

comply with requests for documents are subject to the discretion of the Plan Administrator pursuant to 29 U.S.C. § 1132(c)(1)(B).  Plaintiff does not allege LINA is the Plan Administrator.  Furthermore, Plaintiff admits that Southeast Missouri Hospital is the Plan Administrator of the plan.  See Plaintiff's Complaint at ¶27.

In sum, Plaintiff's Complaint fails to state a claim upon which relief can be granted because LINA is not the Plan Administrator and thus is not a proper party to this action for penalties, and  ERISA otherwise preempts Plaintiff's claims. 29 U.S.C. § 1132(a)(1); 29 U.S.C. § 1132(c)(1)(B); *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (the proper defendant to a claim for benefits is the plan itself, or plan administrator).   Because Plaintiff's Complaint fails to state a claim upon which relief can be granted against LINA, Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, improperly sued as doing business as CIGNA INSURANCE GROUP, moves for dismissal of Plaintiff's Penalties and Damages claim, with  prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant LINA also moves for its attorneys' fees and costs incurred in connection with the filing of this Motion pursuant to ERISA, 29  U.S.C. §1132(g).  The grounds in support of this Motion are more fully set out in the Memorandum in Support, which is filed with this Motion and is incorporated herein by reference.

**HINSHAW & CULBERTSON LLP**

/s/ Daniel K. Ryan
Daniel K. Ryan, #6196616IL
James M. Brodzik, 6311003IL
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
P: 312-704-3000
F: 312-704-3001
dryan@hinshawlaw.com
jbrodzik@hinshawlaw.com
Attorneys for Defendant LIFE INSURANCE
COMPANY OF NORTH AMERICA d/b/a CIGNA
INSURANCE GROUP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 21st day of August, 2017.

/s/ Daniel K. Ryan

300312686v1 0998715