UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY GASKILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:17CV1526 HEA |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, d/b/a CIGNA | ) | |
| INSURANCE GROUP and SOUTHEAST | ) | |
| MISSOURI HOSPITAL, | ) | |
| | ) | |
| Defendants, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the court on Defendant Life Insurance Company of North America, d/b/a Cigna Insurance Group's Motion to Dismiss, [Doc. No. 14]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

On May 17, 2017, Plaintiff filed this action against defendants Life Insurance Company of North America d/b/a Cigna Insurance Group and Southeast Missouri Hospital under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, to recover benefits owed under an employee

welfare benefit plan and damages from defendants' breach of their fiduciary duties and failure to provide certain documents upon request.

In his Complaint, Plaintiff alleges that he was a full-time employee of Southeast Hospital for sixteen years and had worked seven years for Arch Air.

During his employment, Plaintiff became permanently and totally disabled while working as a nurse at Southeast Hospital. He was not able to perform the material and substantial duties of his job during the first twenty-four (24) months of his disability, and thereafter has not been able to perform the material and substantial duties of any gainful job for which he is reasonably fitted by his education, training, or experience.

Plaintiff alleges he submitted his claim for benefits on March 14, 2013, in which he alleged he was totally and permanently disabled such that he could not perform any job in the open labor market that he was qualified to perform based on his education, training, and work experience and could not earn over 80% of his indexed earnings. Plaintiff alleged that his disability resulted from a combination of physical and mental deficits. Plaintiff supported his claim with documentation from his treating physicians and a vocational expert and psychologist.

Plaintiff's claim was denied based on the functional capacity evaluation by physical therapist and a transferable skills analysis based on the therapist's report. Plaintiff alleges that the report misrepresents the true nature of the testing because

Plaintiff could not finish the testing due to his physical condition. Further, Plaintiff contends that the therapist had an intern administer the testing and he did not physically observe all of the testing.

Despite his written requests, defendants failed to provide him with all the documents he requested.

Plaintiff seeks to recover benefits owed under the Plan, damages, interest, attorneys' fees, and penalties for defendants' failure to produce the Plan documents.

Defendant Life Insurance Company of North America moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff's claim under 29 U.S.C. § 1132(c) fails against it because it is not the plan administrator. Plaintiff also responds that Life Insurance Company of North America can be held liable for § 1132(c) penalties for failing to provide him with the Plan documents because it performed plan administrator functions. [1]

---

[1] The court may consider the Plan documents, despite not being attached to plaintiff's amended complaint, without converting the motion to dismiss into a motion for summary judgment because the Plan documents are "necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Central*, LLC, 543 F.3d 978, 982 (8th Cir. 2008); see *Van Natta v. Sara Lee Corp.*, 439 F. Supp. 2d 911, 921 n.3 (N.D. Iowa 2006) ("It is not error for this court to examine the Plan in its consideration of the merits of the defendant's motion to dismiss under Rule 12(b)(6), even though it was not expressly part of the pleadings. This is so because it was incorporated into the pleadings by reference—the complaint specifically mentioned it as the Plan under which [the plaintiffs'] claims arose against [the defendant]."); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding

## Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id.* at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A complaint must be liberally construed in the light most favorable to the plaintiff. Eckert v. *Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2006). The Court must accept the facts alleged as true, even if doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. *Id.*; Young, 244 F.3d at 627.

## Discussion

---

that plan documents could be considered in a motion to dismiss despite not being attached to the complaint "because they were incorporated through reference to the plaintiff's rights under the plans, and they [were] central to plaintiff's claims").

Under 29 U.S.C. § 1024(b)(4), the plan administrator, upon written request, is required to furnish a plan participant with a copy of the latest updated summary plan description, "the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." § 1024(b)(4). The plan administrator has thirty days to comply with this request. 29 U.S.C. § 1132(c)(1)(B). A plan administrator who fails or refuses to provide documents properly requested faces penalties of up to $110 a day. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-3. The court retains discretion whether to impose the penalty, and if so, in what amount. § 1132(c)(1)(B).

To succeed on a claim for § 1132(c) penalties based on a violation of § 1024(b)(4), the plaintiff must prove that (1) he requested the plan documents in writing, (2) his request was clear and specific, and (3) the plan administrator failed to provide them within thirty days of the request. *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 947 (8th Cir. 1999); *Atkins v. M&S Acquisition Corp., No.* 4:09 CV 1923 CAS, 2010 WL5441625, at *2 (E.D. Mo. Dec. 28, 2010).

"'ERISA specifically makes the Plan Administrator responsible for providing the Plan documents,' so that an insurer that is not the plan administrator is not subject to this penalty provision." *Settell v. Metro. Life Ins. Co*, 633 F. Supp. 2d 695, 712 (N.D. Iowa 2009) (quoting *Ross v. Rail Car Am. Group Disability Income Plan*, 285 F.3d 735, 743-44. Only a plan administrator can be liable for §

1132(c) penalties. *Gates v. UNUM Life Ins. Co.*, Civ. No. 07-4660 (JNE/JJG), 2008WL 2828871, at *2 (D. Minn. July 21, 2008). ERISA defines a "plan administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." *White v. Martin*, 286 F. Supp. 2d 1029, 1044 (D. Minn. 2003) (citing 29 U.S.C. § 1002(16)(A)).

Southeast Missouri Hospital is specifically designated in the Plan documents as the "Plan Administrator." In his complaint, Plaintiff alleges that Cigna[2] is one of the claims administrators of the Plan. As the specifically designed plan administrator, Southeast Missouri Hospital, not Cigna, has a duty to provide Plan documents under § 1024(b)(4).

The Eighth Circuit has clearly stated that § 1132(c) penalties are appropriate only against "plan administrators" as defined by ERISA. *Brown*, 586 F.3d at 1088; Ross, 285 F.3d at 743-44. Plaintiff is not at liberty to claim that Life Insurance Company of North America, d/b/a Cigna is a "plan administrator." An argument that a defendant is "'de facto plan administrator' because the plan certificate and policy do not name [the employer] as the plan administrator. . . unavailing under our cases. *See Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1088 (8th Cir. 2009) ("Governing precedent forecloses ... argument that Prudential was the 'de facto plan administrator.' "). *Ibson v. United Healthcare Servs., Inc.*, 877 F.3d

---

[2] Cigna is, as previously noted, the name under which Life Insurance Company of North America is doing business.

384, 390–91 (8th Cir. 2017). Because Southeast Missouri Hospital, not Cigna, is specifically designated as the sole plan administrator, it is the sole plan administrator under ERISA. § 1002(16)(A). Therefore, dismissal is proper as to Plaintiff's claim for § 1132(c)(1)(B) penalties against Cigna.

## Conclusion

For the reasons set forth herein, the Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Life Insurance Company of North America, d/b/a Cigna Insurance Group to dismiss, [Doc. 14], is **GRANTED**.

Dated this 23rd day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE